**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Keith Martin HULING, Defendant—Appellant.**

**No. 07–30063.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2008.

Filed Feb. 11, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Douglas W. Fong, Esq., USME–Office of the U.S. Attorney, Medford, OR, for Plaintiff–Appellee.

Robert M. Stone, Esq., Medford, OR, for Defendant–Appellant.

Before: RYMER, T.G. NELSON, and PAEZ, Circuit Judges.

## MEMORANDUM *

Keith Martin Huling appeals various pretrial rulings. We affirm.

### I

 Whether or not the warrant was sufficient, it is not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Clark,* 31 F.3d 831, 835 (9th Cir.1994) (quoting *United States v. Leon,* 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)). Information provided by a confidential informant (CI) familiar with Highland Motor Sports was corroborated by Detective Jenista, who confirmed that a truck matching a truck bed seen on the premises had been stolen and that someone with the same first name as one of the people identified as working at

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Highland was in fact associated with it. A polygraph examination indicated that the CI was truthful. There is no indication that the magistrate was misled by information in the affidavit or by anything that Jenista failed to state. And Jenista ran the warrant by a district attorney. In these circumstances, as the district court held, the good faith exception applies. *See Leon,* 468 U.S. at 922–23, 104 S.Ct. 3405; *Clark,* 31 F.3d at 835–36.

## II

■ Huling argues that the court should have granted his motion to compel the government to disclose the CI's identity, but made no showing that the informant's testimony would have been relevant or helpful, or essential to a fair trial. Accordingly, disclosure was not required. *See United States v. Amador–Galvan,* 9 F.3d 1414, 1417 (9th Cir.1993).

## III

■ Huling claims that Jenista recklessly omitted a number of items of material information such that he was entitled to a *Franks* hearing. *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). We disagree. He made no showing that Marcus would have told Jenista that the truck bed did not belong to his stolen truck. Neither does Huling's proffer demonstrate that Chiampi was the CI. While the truck parts were seen in two locations whereas the CI said the truck was in one location, this discrepancy cannot have been material given that the CI was clearly familiar with Highland and the parts could have been moved between the time the CI saw them and when Jenista surveilled the premises.

AFFIRMED.